UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Adam Scipio, #4249, | ) | C/A No. 3:10-311-CMC-JRM |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Black Cat Bail Bonds;<br>Amy Webber;<br>Steve Kindel;<br>Teresa Kindel;<br>John Doe; Jane Doe, | ) | |
| Defendants. | ) | |

The plaintiff, Adam Scipio ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] It appears that Plaintiff is a pre-trial detainee at the Florence County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name a governmental employee as a defendant.[2] Plaintiff claims that the defendants violated his constitutional rights. Plaintiff seeks money damages and injunctive relief. The complaint should be dismissed for failure to state a claim on which relief may be granted and based upon abstention.

Background

Plaintiff alleges that on September 15, 2009, he was transferred to the Florence County Detention Center ("FCDC") with $561.31 in his possession. During the booking process, Plaintiff

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

spoke with defendant Amy Webber, an alleged employee of the FCDC. Plaintiff asked Webber if he had enough money to bond out of the detention center. Webber allegedly advised Plaintiff that "Black Cat Bail Bonds would bond me out." Webber telephoned defendant Black Cat Bail Bonds who sent an unknown representative to the FCDC. Webber took all of Plaintiff's money ($561.31) and gave it to the Black Cat Bail Bonds representative. Plaintiff alleges that as of February 7, 2010, he had not been bonded out of FCDC "as promised" and that his money has not been returned to him. Plaintiff alleges that the defendants conspired to "trick" him out of his money because they knew that he would not be able to bond out. Plaintiff alleges that defendant Webber had no authority to solicit potential clients for Black Cat Bail Bonds and that she abused the powers of her job when she solicited Plaintiff to use Black Cat Bail Bonds.

Plaintiff alleges that the following of his constitutional rights were violated: First Amendment, Fifth Amendment, Sixth Amendment, Eighth Amendment, and Fourteenth Amendment. Plaintiff requests compensatory and punitive damages. Plaintiff also states that he has suffered by being incarcerated while the county has not given him access to the attorney of his choice. Also, Plaintiff seeks to be released on a bond as promised on September 15, 2009.

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v.*

*Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district

court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Discussion

The crux of Plaintiff's complaint appears to be a due process claim based upon his personal property ($561.31) being intentionally taken by the defendants. He alleges that a person acting under color of law, defendant Webber, intentionally conspired with other individuals to deprive him of his personal property without due process by taking his money at the detention center and giving it to an unknown Black Cat Bail Bond representative. The defendants allegedly tricked Plaintiff out of his money. However, the Constitution's due process clause is not violated by the intentional unauthorized taking of a person's property by a state employee if a meaningful postdeprivation remedy for the loss is available. *See Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff and noting that a due process violation occurs not when the property is taken but when a State fails to provide due process); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful postdeprivation remedy for the loss of animals). Taking Plaintiff's allegations as true, that the defendants conspired together to trick him out of his money, Plaintiff must utilize

4

his remedies under South Carolina law to obtain damages or the return of his property, such as by bringing a tort action in state court or proceeding pursuant to the South Carolina Tort Claims Act.[3] *See Mora*, 519 F.3d at 231 (the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the State process was constitutionally inadequate); *Hudson v. Palmer*, 468 U.S. 517, 530-536 (1984) (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable postdeprivation remedy). *See also Samuel v. Ozmint*, C/A No. 3:07-178-PMD-JRM, 2008 WL 512736 at *7 (D.S.C. Feb. 25, 2008) (noting that claims related to taking of personal property are cognizable under South Carolina state law); *Greene v. Stonebreaker*, C/A No. 9:06-3392-PMD-GCK, 2007 WL 2288123 at *6 (D.S.C. Aug. 6, 2007) (noting that a person in South Carolina appears to have adequate postdeprivation remedies for personal property loss). Therefore, Plaintiff's § 1983 due process claim against the defendants should be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's request that he be released on a bond as promised on September 15, 2009, is not cognizable under § 1983. Release from prison is not available in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"). Moreover, if this court were to order that Plaintiff be released on a bond in the state criminal case, that would be

---

[3] Under South Carolina law, a person's claims relating to his lost property may be cognizable under the South Carolina Tort Claims Act. S.C. Code Ann. § 15-78-10 *et seq*. (1976). Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment.

interfering with the pending state criminal proceedings. A federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances. In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). In this case, Plaintiff alleges that he is involved in an ongoing state criminal proceeding. The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). This court believes that Plaintiff can vindicate his federal constitutional rights in the state proceedings. Therefore, it is appropriate and recommended that this court should abstain on Plaintiff's request to be released on a bond.

Plaintiff also seems to allege that his Sixth Amendment right to counsel has been violated. He complains that he has been detained for more than five months without the county providing him access to an attorney of his choice. Notably, Plaintiff appears to allege that he has an attorney but not the attorney of his choice. The Sixth Amendment to the Constitution provides that in criminal prosecutions the accused shall "have the Assistance of Counsel for his defence." *See Maine v. Moulton*, 474 U.S. 159, 168-69 (1985). Plaintiff's allegation does not state a cognizable claim because the aim of the Sixth Amendment is to provide an effective advocate for each criminal defendant rather than to ensure that criminal defendants will be represented by lawyers they choose. *See United States v. Urutyan*, 564 F.3d 679, 686 (4th Cir. 2009). *See also United States v. Williams*, No. 06-4215, 316 Fed. Appx. 208 (4th Cir. May 5, 2008) (where a defendant has counsel appointed to represent him, and cannot afford retained counsel, he has no right to choose the particular attorney to be appointed). Moreover, whether the state has provided Plaintiff with the assistance of counsel due to Plaintiff's being accused of a crime relates to the heart of the state's pending criminal proceedings against Plaintiff. The *Younger* abstention doctrine should cause this court to abstain on Plaintiff's claim for a different attorney because Plaintiff can vindicate his federal constitutional right to the assistance of counsel in the state proceedings.

Plaintiff's complaint may be construed to raise certain other claims listed below. However, each of the possible claims fails to state a claim on which relief may be granted. Plaintiff complains that the defendants have engaged in what may be construed as criminal acts, *e.g.*, theft. To the extent Plaintiff brings this action seeking to hold the defendants accountable for a crime, Plaintiff cannot have this court prosecute criminal charges against the defendants as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir.

7

1990) (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also United States v. Giannattasio*, 979 F.2d 98, 100 (7th Cir. 1992). Additionally, to the extent Plaintiff's complaint could be construed to allege negligence by the defendants because they accepted the $561.31 but then negligently failed to obtain a bond for Plaintiff, such an allegation also fails to state a cognizable claim. Negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Lastly, Plaintiff seems to allege that defendant Webber somehow violated his First Amendment right to freedom of speech by soliciting clients for defendant Black Cat Bail Bonds. While the complaint is unclear, perhaps Plaintiff believes that he should have been able to speak out to select a different bail bond company. "The First Amendment bars the government from 'abridging the freedom of speech'-that is, generally, 'from dictating what we see or read or speak or hear.' *Giovani Carandola, Ltd. v. Bason*, 303 F.3d 507, 511 (4th Cir. 2002) (citing the U.S. Constitution Amendment I and *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002)). The First Amendment protects speech involving matters of public concern such as issues of social, political, or other interest to a community. *See Snyder v. Phelps*, 580 F.3d 206, 220 (4th Cir. 2009). This court believes that Plaintiff's allegations do not state a cognizable claim for

8

violation of the First Amendment. Plaintiff did not allege that he attempted to speak about a matter of public concern or that the government dictated what Plaintiff could see, read, speak, or hear.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

March 8, 2010  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).